UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Scott Smith,
    Petitioner,

-v-

No. 1:18-cv-656

HONORABLE PAUL L. MALONEY

Shane Jackson,
    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 25, 2018, Petitioner Scott Smith filed a Petition under 28 U.S.C. § 2254 seeking relief from a state conviction. (ECF No. 1.) The magistrate judge conducted an initial screening and issued an R & R on June 27, 2018, recommending that the petition be denied as time-barred. (ECF No. 3.) The matter is now before the Court for de novo review of Petitioner's timely objections to the R & R. (ECF No. 4.)

In his objections, Petitioner concedes that his Petition was not timely under 28 U.S.C. § 2244(d)(1). However, he claims that because mail room staff at his correctional facility allegedly destroyed his legal mail, he is entitled to equitable tolling. Petitioner has filed a civil case under 42 U.S.C. § 1983, accusing several MDOC employees of destroying his legal mail. However, according to Petitioner's grievances, the first instance of this alleged misconduct occurred in the latter half of 2016. *See Smith v. Harry*, No. 1:17-cv-759, Dkt. No. 1-1 (W.D. Mich. Aug. 21, 2017).

Equitable tolling of AEDPA's limitation statute is warranted where a petitioner shows that he: (1) diligently has pursued his rights and (2) was prevented from timely filing the

petition because an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A court must decide whether to toll the statute on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Federal courts should grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook*, 295 F.3d at 521.

As the magistrate judge calculated, Petitioner had one year from March 30, 2014 in which to file his habeas application. Therefore, Petitioner's claim for equitable tolling relies on events that happened well after his deadline for a timely filed application, which expired on March 31, 2015. Under these circumstances, the Court cannot find that Petitioner is entitled to equitable tolling because he has not established reasonable diligence or extraordinary circumstances. Accordingly, the Report and Recommendation is **ADOPTED** as the Opinion of the Court and Petitioner's objections are **OVERRULED.**

### Certificate of Appealability

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at

467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining Petitioner's claims under the standard in *Slack*, the Court finds that reasonable jurists could not find it debatable whether Petitioner's application was timely or whether equitable tolling applies to his claims. The Court thus **DENIES** Petitioner a Certificate of Appealability.

**IT IS SO ORDERED.**

Date: July 16, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge